## Edgewood Borough, Appellant, v. Ebberts.

*Road law—Damages—Benefits—Striking off lien for benefits.*

Where a jury of view assess benefits against a landowner for the grading, paving and curbing of a street, and a municipal lien is filed for the benefits, such lien is properly stricken off where it appears that the property owner took an appeal from the report of viewers, and secured a verdict in his own favor for damages largely in excess of the benefits assessed, and that the only question submitted to the jury was whether the market value of the property immediately after the improvement was greater or less than its value immediately before the improvement.

Argued April 26, 1917. Appeal, No. 122, April T., 1916, by plaintiff, from order of C. P. Allegheny Co., Sept. T., 1911, No. 113, making absolute rule to strike off municipal lien in case of Edgewood Borough v. William M. Ebberts et al. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Rule to strike off municipal lien for the grading, paving and curbing of a street.

EVANS, J., filed the following opinion:

The defendants present their petition to the court alleging that on the 22d day of June, 1911, the Borough of Edgewood filed its Municipal Lien at No. 113 September Term, 1911, against the defendants' property situate in the Borough of Edgewood. The basis of the lien was an alleged assessment for benefits arising from the grading, curbing and paving of La Crosse avenue assessed against the said property by the Board of Viewers appointed by the court at No. 722 September Term, 1910, from which report of the Board of Viewers the defendants appealed to the said court upon the 16th of November, 1910, at No. 867 December Term, 1910. That the appeal was regularly prosecuted and was so proceeded with in the

said court that the same was tried before a jury, and that the entire question of benefits to the defendants' property arising from the improvement of said La Crosse avenue and the damages sustained by reason of the same was submitted by the court to the jury and adjudicated by the verdict of the jury rendered on the 29th of October, 1912, wherein the said jury rendered a verdict for the plaintiffs in said case, who are the defendants in this case, in the sum of eighteen hundred and sixty dollars, and prays the court for an order striking the lien from the record.

The Borough of Edgewood alleges that the lien for assessment was not affected by the appeal of the defendants from the report of the Board of Viewers, and cite in support of that contention the case of Hopper v. City of Pittsburgh, 5 Pa. Superior Ct. 41. But the case at bar is entirely different from the case of Hopper v. City of Pittsburgh. In the latter case the property holder "appeals from the award and report of the viewers in above case in not allowing him any damages, and asks for a jury trial to determine his damages," and at the trial of the case the amount of benefits assessed was offered in evidence without objection, and the trial judge in his charge to the jury stated that the $292 assessed against the property as benefits was a fixed charge upon the property, and that they must take into consideration the fact that there was a fixed charge upon the property in determining the question of plaintiffs' damages, and the court sustained the right of the municipality to collect the benefits notwithstanding there was a verdict in favor of the property holder on the question of damages, for the reason that the case had been tried without objection on the theory that the assessment of benefits was a fixed charge unaffected by the verdict of the jury in that case; and RICE, P. J., delivering the opinion of the court, states: "But there is nothing in the statute to prevent the parties, with the consent of the court, from limiting the scope of the appeal to one of the questions, leaving the

other assessment to stand as the viewers made it"; and it was for that reason, and that alone, that the assessment of benefits was sustained in that case.

Now, an examination of the record in the case at bar discloses that in their appeal the defendants in this case appealed "from said viewers' report and demand a trial by jury according to the course of the common law, and also prays your honorable court to award an issue to try the question arising from said improvement." Now, the questions to be tried by the jury are questions arising from the improvements, which included not only the question of awarding damages, but of assessing benefits. An examination of the charge of the court will show that the case was submitted to the jury upon the entire question of assessment of benefits and awarding damages, namely, the market value of the property before the improvement was made and after it was made as affected by that improvement.

The trial judge in his charge to the jury says: "So you see you may render one of three verdicts in each one of these cases, as you will find the facts; because, as I have illustrated to you, you may find a verdict in favor of the plaintiffs for damages which they have sustained, if you find that they sustained damages; you may find a verdict in favor of the defendant and certify a balance in its favor for the benefits if you think the property has been benefited by the improvement; or if there has been neither benefit nor damages you may find a simple verdict for the defendant, without any amount."

As a guide to their determining these three questions, the court illustrated to the jury as follows: "If you find in any particular case that the market value of that particular property was greater before the improvement of the street than it was after the improvement of the street, considering whatever benefits it may have had because of the improvement, then the difference between those two amounts would be your verdict for the plaintiffs. If you find that the market value of the property in any par-

ticular case you are trying was greater after the improvement of the street than it was before the improvement of the street, and was greater because of the improvement of the street, then the difference between those two amounts would be your verdict for the Borough of Edgewood, and it would be the benefits which that property ought to pay, to pay for its share of the cost of the improvement."

To say after a verdict rendered by the jury under pleadings such as we have quoted, and such a charge by the court, that the municipality could still collect the assessment as found by the Board of Viewers would be rank injustice.

And now, September 17, 1915, this case came on to be heard on a rule to show cause why the lien filed at the above number and term should not be stricken off, and upon consideration thereof, the rule is made absolute.

*Error assigned* was the order of the court.

*John D. Meyer,* for appellant.

*George W. Flowers,* for appellee.

PER CURIAM, March 2, 1918:

For the reasons stated in the opinion of the court below, making absolute the rule to show cause why the municipal lien, on which this proceeding is founded, should not be stricken off, the judgment is affirmed.